

ENTERED

FEB 2 5 2003

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY _____ DEPUTY

Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3

HIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

FILED

FEB 2 4 2003

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Harold Huggins, | CASE NO. SACV 02-810 DOC (ANx) |
| Plaintiff, | |
| v. | **O R D E R** GRANTING DEFENDANTS MOTION FOR ORDERS (1) DECLARING PLAINTIFF A VEXATIOUS LITIGANT; (2) REQUIRING PLAINTIFF TO FURNISH SECURITY; AND (3) PROHIBITING THE FILING OF NEW LITIGATION WITHOUT A PREFILING ORDER |
| Jacqueline Hynes; Judie Wexler; California Student Aid Commission; Western Association of Schools and Colleges; and the Regents of the University of California, | |
| Defendants. | |

Before the Court is Defendants' motion for (1) an order declaring Plaintiff a vexatious litigant; (2) an order for Plaintiff to furnish security; and (3) a prefiling order to be entered against Plaintiff.[1]  After considering the moving papers, oral argument on February 24, 2003, and for the reasons set forth below, the Court GRANTS the motion.

ENTER ON ICMS

FEB 2 5 2003

///

---

[1]Defendants Hynes, Lucas (added as a party in an amended complaint), Regents, and California Student Aid Commission (added as a party in an amended complaint) filed the motion; Defendant Western Association of Schools and Colleges (Western) joined.

35

I.      **BACKGROUND**

A.      *Huggins I*:  SACV 99-0627 DOC (EEx)

On April 16, 1999, Plaintiff filed a petition against The Regents of University of California (erroneously sued as UC Santa Barbara, California) and California Student Aid Commission, seeking relief from his student aid loans and alleging violations civil RICO (*Huggins I*).  He claimed that Defendants violated RICO by intentionally giving him a low grade in an engineering course, losing or mis-routing his grade change paperwork, and covering up their alleged misdeeds.  The complaint was dismissed because Plaintiff failed to allege a pattern of racketeering activity under RICO, governmental agencies cannot be sued under RICO, and the civil rights claims were time-barred.  Plaintiff appealed to the Ninth Circuit and the Circuit dismissed the appeal for lack of jurisdiction, finding that the Court's order was not clear regarding a right to amend.

Plaintiff lodged an amended complaint on September 28, 2000.  He added individual UC Santa Barbara officials, new causes of action, and asserted claims on behalf of a class of African-American students.  Specifically, Plaintiff alleged:  (1) RICO, (2) civil rights violations under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, (3) violation of the Fourteenth Amendment, (4) violations of California Government Code Section 11135 and California Civil Code Section 52.1(b), (5) violations of the California constitution, (6) intentional infliction of emotional distress, and (7) personal injury.

On November 3, 2000, the Court denied the motion for leave to amend and dismissed the action with prejudice.  The Court found that Plaintiff again failed to state a claim under RICO and that there was no basis for a class action.  Because the Court dismissed the federal claims, it lacked jurisdiction over the state law claims.  Plaintiff subsequently filed a number of motions, including to disqualify the Court and change venue.  All were denied.  Plaintiff then appealed to the Ninth Circuit, which affirmed the November 3, 2000 order.  Both before and after the Ninth Circuit's affirmance, Plaintiff filed additional motions for relief from the Court's November 3, 2000 judgment.  The Court denied the motions and, in a December 12, 2001 order, admonished Plaintiff "that he will be subject to an order to show cause why he should not be sanctioned if he

2

1 | again requests relief from any order related to this matter."

2 | **B.** *Huggins II*: **SACV 99-1522 DOC (EEx)**

3 | After the first complaint in *Huggins I* was dismissed in June of 1999, but prior to the

4 | Ninth Circuit's affirmance, Plaintiff instituted another suit based upon the same set of facts

5 | (*Huggins II*). This time, the complaint was brought against individual UC Santa Barbara

6 | officials. The complaint alleged RICO and civil right violations and was ultimately dismissed by

7 | the magistrate judge on procedural grounds and because the action was time-barred. This Court

8 | adopted the magistrate judge's Report and Recommendation and judgment for Defendants was

9 | entered on March 17, 2000. The Court then denied Plaintiff's resubmission motion and

10 | Plaintiff's motion to disqualify the magistrate judge and vacated Plaintiff's motion to amend.

11 | Plaintiff appealed the denial of his motion to amend and the Defendants filed a motion for

12 | summary affirmance.

13 | On September 20, 2000, the Ninth Circuit granted Defendants' motion, affirming this

14 | Court's March 17, 2000 judgment in *Huggins II*. The Ninth Circuit stated in part that "no

15 | motions for reconsideration, rehearing, clarification, stay of mandate, or any other submissions

16 | shall be filed or entertained on this closed docket." Despite this admonition, Plaintiff continued

17 | to file motions in *Huggins II*. He filed a motion to disqualify this Court, to change venue from

18 | Orange County to Los Angeles County, and for relief from the prior orders. All were denied as

19 | untimely and the case was dismissed with prejudice. As his final effort in this case, Plaintiff

20 | attempted to file a motion to amend the complaint. The motion was rejected and returned.

21 | **C.** *Huggins IIIA*: **SACV 02-0360 (Unassigned)**

22 | In April 2002, Plaintiff filed a third lawsuit. He applied to proceed in forma pauperis but

23 | his motion was denied. This lawsuit was apparently abandoned.

24 | **D.** *Huggins III*: **SACV 02-0610 DOC (MLGx)**

25 | On June 12, 2002, Plaintiff, in an apparent attempt to avoid the prior warnings of this

26 | Court and the Ninth Circuit, instituted a third action in this Court (*Huggins III*). The causes of

27 | action, although somewhat different than the earlier proceedings, were premised on the same

28 | factual basis. Defendants in this third action included the entities named in *Huggins I*, the

3

1    individual defendants named in *Huggins II*, three more individuals associated with the Regents,

2    and Western, not named in either *Huggins I* or *Huggins II*.

3        Plaintiff contended that Defendants coerced him into leaving the University, obstructed

4    investigations into the University's actions, and continued to deny his requests to fulfill his

5    graduation requirements.  More specifically, he claimed that from 1991 to 1994, Defendants

6    extorted student loans through grade fraud and intimidation and that from 1992 through the

7    present, they had obstructed requests for an accreditation review.  He alleged three claims

8    against all Defendants: (1) violation of California Education Code Section 94832(c), (2)

9    violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and (3) violation of civil RICO.

10    Plaintiff's RICO claim alleged that Defendants devised a scheme to defraud African American

11    students of their financial aid by falsifying letter grades to academically disqualify them.  He

12    contended that Defendants provided false information in a series of documents from 1992 to

13    1994 and concealed and destroyed documents in an attempt to intimidate professors and students

14    in furtherance of their scheme.  He alleged that from 1996 to 1997, Defendants destroyed

15    documents and, in 2001, Western and California Student Aid Commission wrongfully denied his

16    requests to investigate the University.

17        The Court found that Plaintiff failed to state a claim against all Defendants (1) under

18    California Education Code section 94832(c) as none of the Defendants are private postsecondary

19    institutions, and (2) under the False Claims Act because Plaintiff cannot proceed pro se on

20    behalf of the United States.  Plaintiff also failed to state a claim against Western (1) under the

21    False Claims Act because he has not alleged a false payment made by the United States to

22    Western, and (2) under civil RICO because he has not alleged a pattern of racketeering activity

23    nor even a single predicate act.  Finally, Plaintiff's civil RICO claims against the University

24    Defendants are barred by the statute of limitations.

25        On September 16, 2002, Plaintiff appealed to the Ninth Circuit.  This appeal was recently

26    dismissed.  On September 19, 2002, this Court denied Plaintiff's request to "join" case numbers

27    SACV 02-610 and SACV 02-810.  On September 26, 2002, Plaintiff appealed the denial to join

28    to the Ninth Circuit.  On December 17, 2002, the Ninth Circuit dismissed Plaintiff's appeal of the

1   denial to join as duplicative and unnecessary.  The Ninth Circuit also ruled that Plaintiff may not

2   proceed in forma pauperis.

3        E.      *Huggins IV*:  SACV 02-0810 DOC (ANx)

4            On August 22, 2002, Plaintiff filed a Complaint titled "Demand for Jury Trial" against

5   Jacqueline Hynes, Judie Wexler, California Student Aid Commission, Western Association of

6   Schools and Colleges, and the Regents of the University of California.  However, Plaintiff

7   served Defendants with a different complaint, titled "Injunctive Relief Complaint for Academic

8   Reinstatement, Accreditation, and Personal Injury Damages, Among Other Relief and Damages

9   – Second Amendment."  He removed Judie Wexler's name as a defendant and added the name

10   Glenn Lucas.  Plaintiff filed with the Court that second complaint on December 23, 2002.  On

11   January 2, 2003, Plaintiff moved this Court for leave to file a "Third Amendment."  That motion

12   was denied by the Court by Minute Order dated January 23, 2003, as futile.  On January 30,

13   2003, the Court dismissed Plaintiff's complaint on the grounds of *res judicata*.  The Court also

14   granted Defendant Western's motion for sanctions in the amount of $10,344.00.  Plaintiff has

15   since filed leave to amend his complaint for the fourth time, which is currently pending.

16   Plaintiff has also filed three other motions since the Court dismissed his complaint, which are

17   also currently pending.

18

19   II.      DISCUSSION

20        A.      Vexatious Litigant

21            California Code of Civil Procedure § 391 sets forth the definition of a vexatious litigant.

22   A vexatious litigant is a person who does any of the following:

23            "(1) In the immediately preceding seven-year period has commenced, prosecuted, or

24   maintained in propria persona at least five litigations other than in a small claims court that have

25   been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain

26   pending at least two years without having been brought to trial or hearing.

27            (2) After a litigation has been finally determined against the person, repeatedly relitigates

28   or attempts to relitigate, in propria persona, either (i) the validity of the determination against the

1   same defendant or defendants as to whom the litigation was finally determined or (ii) the cause

2   of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the

3   final determination against the same defendant or defendants as to whom the litigation was

4   finally determined.

5            (3) In any litigation while acting in propria persona, repeatedly files unmeritorious

6   motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics

7   that are frivolous or solely intended to cause unnecessary delay.

8            (4) Has previously been declared to be a vexatious litigant by any state or federal court of

9   record in any action or proceeding based upon the same or substantially similar facts,

10  transaction, or occurrence." Cal. Code Civ. Pro. § 391(b) (2003).

11           The Local Rules state the policy behind the statute: "It is the policy of the Court to

12  discourage vexatious litigation and to provide persons who are subjected to vexatious litigation

13  with security against the costs of defending against such litigation and appropriate orders to

14  control such litigation." L.R. 27A.1. Both the Local Rules and the California Code grant courts

15  discretion and control over requiring security and prefiling reviews before allowing vexatious

16  litigants to file new litigation.

17           Pursuant to section (b)(1) of the vexatious litigant statute, a vexatious litigant is a person

18  who commences, prosecutes, or maintains at least five litigations in the proceeding seven-year

19  period, other than in small claims court, that have been finally determined adversely to the

20  person. The vexatious litigant statute has been applied to proceedings in both appellate and trial

21  courts. *McComb v. Westwood Park Ass'n.*, 73 Cal. Rptr. 2d 288, 291 (Cal. Ct. App. 1998).

22  Since 1999, Plaintiff has commenced five actions in the Central District, and five appeals with

23  the Ninth Circuit. Four of the district court actions, and at least four of the appeals court actions,

24  have been determined adversely to Plaintiff.

25           Plaintiff also satisfies the criteria of sections (b)(2) and (b)(3). Plaintiff has repeatedly

26  filed motions for reconsideration, which each time have been denied. Plaintiff has purported to

27  bring motions for reconsideration on new facts or new law, but apparently misinterprets the rule.

28  Plaintiff seems to believe that every single event that occurs subsequent to a court's ruling that

6

1  relates to his lawsuits warrants a motion for reconsideration, and a granting of that motion. That

2  is not the case.

3        In *Devereaux v. Latham & Watkins*, 38 Cal. Rptr. 2d 849, 854 (Cal. Ct. App. 1995), the

4  Court stated, "it is of no significance that there are slightly different parties involved in this

5  action as compared to the [previous] action. The statute does not require that the parties be the

6  same, only that the proceedings arise from substantially similar facts." Like in *Devereaux*, each

7  of Plaintiff's lawsuits have been based on, essentially, the same set of facts and grievances. Each

8  lawsuit has been filed against, essentially, the same set of Defendants. The Court has dismissed

9  these lawsuits because they fail to state a legal claim upon which relief can be granted. Plaintiff

10  has repeatedly been admonished that he would be sanctioned if he failed to stop filing actions

11  relating to the same case or controversy. This Court finally did sanction Plaintiff on January 29,

12  2003, yet Plaintiff filed a motion for amendment of judgment and reconsideration less than two

13  weeks later.

14        Though satisfying the criteria of any one of the statutory sections is sufficient to declare a

15  plaintiff a vexatious litigant, Plaintiff fits into three sections. The Court finds Plaintiff has

16  abused the judicial process and is likely to continue such abuse unless protective measures are

17  taken. **This Court therefore GRANTS Defendants' motion to declare Plaintiff a vexatious**

18  **litigant.**

19        **B.**    **Order to Furnish Security**

20        California Code of Civil Procedure § 391.1 allows a defendant to move the court, upon

21  notice and a hearing, for an order requiring the plaintiff to furnish security. The motion must be

22  based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and

23  that there is not a reasonable probability that he will prevail in the litigation against the moving

24  defendant. Section 391 defines "security" as an undertaking to assure payment of the party

25  seeking security's reasonable expenses. Expenses include attorney's fees and costs.

26        In *Devereaux,* the appellate court affirmed the trial court's order that a vexatious litigant,

27  proceeding in forma pauperis, furnish security in the amount of $25,000. *Devereaux*, 38 Cal.

28  Rptr. 2d at 853. The court found the amount was not arbitrary when it was supported by an

1  affidavit from an attorney who had dealt with the case. *Id.* Also, the court noted that the trial

2  court need not take into consideration a plaintiff's financial means in setting the amount of the

3  security. *Id.*

4       This Court finds Plaintiff to be a vexatious litigant.  To satisfy the second prong of the

5  motion, Defendants have the burden of showing that the Plaintiff has no reasonable probability

6  of prevailing in the litigation.  Defendants "must show that the plaintiff's recovery is foreclosed

7  as a matter of law or that there are insufficient facts to support recovery by the plaintiff on its

8  legal theories, even if all the plaintiff's facts are credited." *Id.* at 855.  Defendants met that

9  burden when the Court granted their motion to dismiss Plaintiff's latest Complaint, in case

10 number SACV 02-0810 DOC (ANx), with prejudice.  Plaintiff has exhibited his desire to

11 continue with the same litigation by filing four new motions since the dismissal.  On January 29,

12 2003, Plaintiff filed a motion for production of prior statement and sanctions.  On January 30,

13 2003, Plaintiff filed a motion to amend his complaint.  On February 6, 2003, Plaintiff filed a

14 motion for reconsideration of the Court's order denying Plaintiff's motion to amend his

15 complaint.  Finally, on February 10, 2003, Plaintiff filed a motion for an amendment of

16 judgment and reconsideration of the Court's opinion and order granting Defendants' 12(b)(6)

17 dismissal.  **Since Defendants have shown that Plaintiff has no reasonable probability of**

18 **prevailing in this litigation, the Court GRANTS Defendants' request that Plaintiff furnish**

19 **security prior to continuing with his motions, or before filing any new litigation in case**

20 **number SACV 02-810 DOC (ANx).**

21      Defendants Regents of the University of California and California Student Aid

22 Commission estimate they have incurred approximately $10,000 to $12,000 in attorneys fees and

23 costs for each of the litigations Plaintiff has commenced.  (Bush Decl. ¶ 3.)  Defendant Western

24 joins the motion, but does not include an estimation of attorneys fees and costs.  The Court finds

25 $10,000 to be an appropriate and reasonable estimation of the costs incurred by Western as well.

26 **Therefore, the amount of security is set at $20,000.**

27 ///

28 ///

### C.  Prefiling Order

California Code of Civil Procedure § 391.7 allows a court to enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state without first obtaining leave of the presiding judge where the litigation is to be filed.  Disobedience of a prefiling order may be punished by contempt of court.  The presiding judge shall permit filing of the litigation only if it appears the litigation has merit and has not been filed for the purposes of harassment or delay.

The Court anticipates that without a prefiling order, Plaintiff will continue to file meritless litigation against Defendants.  Indeed, since dismissing Plaintiff's complaint in *Huggins IV*, Plaintiff has filed four new motions, as described above.  Defendants request that the prefiling order be entered as to any and all defendants against whom Plaintiff has previously filed litigation in the above-referenced matters, as well as any and all employees of Defendant Regents of University of California, Defendant California Student Aid Commission, and Defendant Western Association of Schools and Colleges.  **The Court GRANTS Defendants' request.**

## III.  DISPOSITION

1.  The Court declares Plaintiff Harold Huggins a vexatious litigant.

2.  The Court orders Plaintiff to furnish security in the amount of $20,000 before proceeding with litigation in case number SACV 02-810 DOC (ANx).

3.  Finally, the Court orders a prefiling order to be entered against Plaintiff.  Prior to filing **any** new litigation against any and all defendants whom Plaintiff has previously filed litigation in the above-referenced matters, as well as any and all employees of Defendant Regents of University of California, Defendant California Student Aid Commission, and Defendant Western Association of Schools and Colleges, Plaintiff must first obtain leave from the presiding judge.

Finally, we turn to Plaintiff's four currently pending motions.  Plaintiff's Complaint in

1 | case number SACV 02-810 DOC (ANx) was dismissed with prejudice on January 30, 2003.

2 | Therefore, his motion to amend his complaint and his motion for production of prior statement,

3 | both set for hearing today and both related to the same case number, are VACATED as MOOT,

4 | as the complaint has already been dismissed.  Plaintiff has two motions for reconsideration set

5 | for hearing on March 17, 2003.  Plaintiff must furnish security in the amount of $20,000 prior to

6 | proceeding with those motions.  Therefore, the motions are CONTINUED until May 19, 2003.

7 | If Plaintiff does not furnish security by April 28, 2003, the motions will be vacated.  This will

8 | allow sufficient notice to Defendants' to file their oppositions by May 6, 2003.  It is Plaintiff's

9 | responsibility to notify the Court that he has furnished security.

12 | IT IS SO ORDERED.

13 | DATED: February 24, 2003

DAVID O. CARTER
United States District Judge